UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>    Plaintiff,<br><br>  v.<br><br>THIERRY,<br><br>    Defendant. | Case No. 1:21-cv-01792-BAK-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISS THE CASE WITHOUT PREJUDICE<br><br>(Doc. No. 8)<br><br>14-DAY DEADLINE<br><br>Clerk of Court to Assign a District Judge |

  Before the Court is Plaintiff Lance Williams's motion to proceed (IFP) *forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. No. 8.) Because Plaintiff has at least three "strikes" under section 1915(g) and was not in imminent danger of serious physical injury at the time he filed the action, the Court recommends that the motion be denied and the case dismissed without prejudice.

**APPLICABLE LAW**

**Three-Strikes Provision of 28 U.S.C. § 1915**

  28 U.S.C. § 1915 governs proceedings *in forma pauperis* ("IFP") and provides in pertinent part:

///

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section is commonly referred to as the "three strikes" provision. *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) ("*King*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP [or in forma pauperis]." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) ("*Cervantes*") (holding that "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule"). This section was added under the Prison Litigation Reform Act (PLRA) to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

When applying 28 U.S.C. § 1915(g), the court must evaluate the order dismissing an action and other relevant information before determining that the action "was dismissed because it was frivolous, malicious or failed to state a claim." *King*, 398 F.3d at 1121. Not all dismissed cases qualify as a strike under § 1915(g). *Id.*

Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–52 (noting § 1915(g)'s exception for IFP complaints which "make[ ] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing"). Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). The Court must construe the prisoner's "facial allegations" liberally to determine whether the allegations of physical injury are plausible. *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015). However, assertions of imminent danger may be rejected as overly speculative, fanciful, "conclusory or ridiculous." *Cervantes*, 493 F.3d at 1057, n.11. "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *White v.*

2

*Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998).  The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).  Conditions that posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions. *Cervantes*, 493 F.3d at 1053. *Blackman v. Mjening*, 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).

Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g).  In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury.  The three-strikes litigant must meet both requirements in order to proceed [*in forma pauperis*]." *Stine v. Fed. Bureau of Prisons*, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 298–99 (2d Cir. 2009)).

Upon a finding that the plaintiff is barred by the three strikes provision of 28 U.S.C. § 1915(g), the proper procedure is to dismiss the case without prejudice to re-filing the action upon pre-payment of fees at the time the action is refiled.  *Hardney v. Hampton*, No. 2:20-cv-01587-WBS-DMC-P, 2021 WL 4896034, at *4 (E.D. Cal. Oct. 20, 2021), *report and recommendation adopted*, No. 2:20-cv-01587-WBS-DMC-P, 2021 WL 6051701 (E.D. Cal. Dec. 21, 2021) (citing *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Campbell v. Vance*, No. CIV S-05-1163 RRB, 2005 WL 3288400, at *1 (E.D. Cal. Nov. 30, 2005).  A plaintiff may resume his claims if he prepays the civil and administrative filing fees required by 28 U.S.C. § 1914(a).

## ANALYSIS

The Court may take judicial notice of court records.  *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).  Here, the Court takes judicial notice of three of Plaintiff's prior lawsuits that were dismissed on the grounds that they failed to state a claim:

///

(1) *Williams v. Aparicio*, Case No. 2:14-cv-08640-PA-KK (C.D. Cal.) (dismissed February 5, 2015, as time-barred);

(2) *Williams v. Kerkfoot*, Case No. 2:14-cv-07583-GW-KK (C.D. Cal.) (dismissed May 15, 2015, as time-barred); and

(3) *Williams v. Young*, Case No. 2:14-cv-08037-PA-KK (C.D. Cal.) (dismissed May 19, 2015, as time-barred).

The Court also takes judicial notice of the following United States Court of Appeals cases: (1) *Williams v. Paramo*, Case No. 18-55319 (9th Cir.) (dismissed September 19, 2018, as frivolous);

(2) *Williams v. RJD Medical Staff Building*, Case No. 18-55709 (9th Cir.) (dismissed September 19, 2018, as frivolous); and

(3) *Williams v. Navarro*, Case No. 20-56163 (9th Cir.) (dismissed January 13, 2021, as frivolous).

Each of these cases was dismissed prior to the commencement of the current action on December 16, 2021. Plaintiff is therefore subject to the section 1915(g) bar, and he is precluded from proceeding *in forma pauperis* in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Cervantes*, 493 F.3d at 1052–53.

The Court has reviewed Plaintiff's complaint, (Doc. 8), and finds that Plaintiff's allegations do not meet the imminent danger exception. Plaintiff, a highly litigious prisoner, uses much boilerplate language and legal standards that are set forth in court orders and findings and recommendations: "this activity by defendant Thierry . . . put [Plaintiff] in imminent danger of serious physical injury" and "his safety . . . was placed in constant imminent danger of serious physical injury at time of complaint's filing." However, assertions of imminent danger may be rejected as overly speculative, fanciful, "conclusory or ridiculous." *Andrews*, 493 F.3d at 1057, n.11. Upon review of the complaint, Plaintiff's assertions of imminent danger are conclusory and unsupported by the factual allegations.

In the complaint, Plaintiff alleges that he was attacked on June 4, 2021, around 4:00 a.m., when he was using the restroom. (ECF No. 1 at 3.) Plaintiff alleges that Defendant came to

4

1   Plaintiff's cell and shined a light on his penis, striking the cell door, and making a scene.

2   Defendant allegedly made comments about Plaintiff masturbating, and she began yelling at

3   Plaintiff, "you pervert, you pedophile, you wiener wacker [sic]." (*Id.*). Plaintiff asserts that

4   these actions placed Plaintiff's safety at risk, endangered his life, and put him in imminent

5   danger of serious physical injury. (*Id.*)

6   According to Plaintiff, Defendant stormed out of the building and came back with four or

7   five officers, non-party John Does 1–5. Plaintiff alleges that the Doe officers removed Plaintiff

8   and his cellmate, handcuffed them, and interrogated them about who was facing charges for sex

9   crimes. The cellmate stated that it was Plaintiff, and he was sent back to their cell. Plaintiff

10  alleges that Defendant made another comment about seeing Plaintiff masturbating, and

11  confronted her, calling her a "lying bitch." She walked by, slapped Plaintiff, and said, "shut up

12  n------." (*Id.* at 5.)

13  Plaintiff alleges that one of the John Doe officers then struck Plaintiff in his jaw and said,

14  "Don't be calling my partner no bitch." Plaintiff states that the same officer yelled out to the

15  building that Plaintiff is a "wienee wacker" and a rapist. (*Id.*) When Plaintiff requested to be

16  taken to the nurse, Defendant and the John Does said that "rapist get nothing and got nothing

17  coming." (*Id.* at 6.)

18  In support of his allegations, Plaintiff submits the declaration of Robert Morgan, Sr.,

19  apparently drafted by Plaintiff. (Doc. No. 1 at 10.) According to the declaration, he witnessed

20  Defendant kicking Plaintiff's cell door and yelling derogatory statements and expletives. She

21  left the unit and returned with four or five officers. One yelled to the building that "Mr.

22  Williams a wienee wacker and had a history of it, this action place Mr. Williams life at risk, at

23  the current time." (*Id.*)

24  Under a liberal construction of Plaintiff's complaint, the factual allegations do not

25  support that he was in imminent danger at the time he filed the complaint. Even accepting

26  Plaintiff's allegations as true,[1] approximately six months passed between the event, June 4, 2021,

27  and the filing of the complaint on December 16, 2021. Plaintiff suggests that Defendant and a

28  
---
[1] The Court makes no rulings on the merits of Plaintiff's complaint.

5

John Doe yelled that Plaintiff is a sex offender loudly enough for others in the building to hear, the factual allegations do not indicate that Plaintiff suffered any consequences from these actions. He claims that his life is at risk because he has been falsely labeled a sex offender, but there are no facts showing a specific threat made against him because of his label. *See LeBlanc v. Kiernan*, No. 1:18-cv-00591-LJO-GSA-PC, 2018 WL 4005304, at *3 (E.D. Cal. Aug. 20, 2018) ("He claims that his life is at risk because he has been falsely labeled a sex offender, but there are no facts showing a specific threat made against him because of his label.").

Therefore, the complaint does not support allegations of ongoing serious physical injury or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin*, 319 F.3d at 1050. Rather, the complaint describes a single, past occurrence. Plaintiff's allegations, if true, do not show that he is in imminent danger of serious physical injury. *See Andrews*, 493 F.3d at 1055.  Thus, Plaintiff is precluded from proceeding *in forma pauperis*, and this action is properly dismissed without prejudice to refiling upon prepayment of the civil and administrative filing fees. *See Hardney*, 2021 WL 4896034, at *4 (citing *Dupree*, 284 F.3d at 1236).

## CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court **RECOMMENDS** that:

1. Plaintiff's motion to proceed *in forma pauperis*, (ECF No. 8), be **DENIED**; and
2. This action be **DISMISSED without prejudice** to refiling upon prepayment of the filing fees.

The Clerk of Court is DIRECTED to randomly assign a United States District Judge for consideration of these Findings and Recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time

6

may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   January 19, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

7