UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>             Plaintiff,<br><br>   v.<br><br>THIERRY,<br><br>             Defendant. | Case No. 1:21-cv-01792-JLT-CDB (PC)<br><br>ORDER DENYING PLAINTIFF's MOTION TO VACATE COURT'S ORDER DATED APRIL 5, 2022, ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CASE<br><br>(Doc. 17) |

    Lance Williams is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983.  The Court dismissed this case (Doc. 14), and Plaintiff filed a notice of appeal (Doc. 18) and a motion to vacate the Court's dismissal order (Doc. 17). Soon thereafter, the Ninth Circuit held that the notice of appeal is ineffective pending this Court's ruling on Plaintiff's motion to vacate, and the appellate proceedings are held in abeyance. (Doc. 21.) Upon consideration of Plaintiff's motion to vacate (Doc. 17) and his objections (Doc. 16), the Court denies Plaintiff's motion to vacate the Court's order.

**I.    PROCEDURAL HISTORY**

    After this case was transferred from Sacramento to Fresno, Plaintiff filed a motion to proceed *in forma pauperis* (IFP). (Doc. 8.)

    In the findings and recommendations entered on January 19, 2022, the magistrate judge found that Plaintiff has at least three "strikes" under 28 U.S.C. § 1915(g) and was not in

imminent danger of serious physical injury at the time he filed this action.[1] (Doc. 10.) The magistrate judge accepted as true Plaintiff's complaints that he was assaulted by COs and called a "wienee wacker" and rapist on June 4, 2021. (*Id.* at 5.) The magistrate judge found that more than six months passed between the incident and the filing of the complaint on December 16, 2021; Plaintiff did not demonstrate that he suffered any consequences from being labeled as a sex offender; there was no ongoing serious physical injury or pattern of misconduct; and the complaint describes a single past occurrence. (*Id.*) Therefore, the magistrate judge recommended the denial of Plaintiff's IFP motion and the dismissal of this action without prejudice to refiling upon prepayment of the filing fee. (*Id.*) The Court advised Plaintiff that he could file objections within fourteen days from the date of service of the F&R. (*Id.*)

After service of the F&R, Plaintiff requested a 90-day extension of time to file objections. (Doc. 12.) The assigned magistrate judge granted the motion in part and afforded Plaintiff an additional sixty days to file objections. (Doc 13.) The day after the deadline expired, after Plaintiff failed to file objections, the Court entered an order adopting the findings and recommendations in full, denying Plaintiff's motion to proceed IFP, and dismissing the case without prejudice upon prepayment of the $402.00 filing fee. (Doc. 14.) On the same day, the Clerk of Court entered judgment and closed the case. (Doc. 15.)

A few days later, the Court received Plaintiff's objections. (Doc. 16.) However, they were signed and submitted before the expiration of the deadline. (*Id.* at 3.) Under the prison mailbox rule, a pleading filed by a *pro se* prisoner is deemed to be filed as of the date the prisoner delivered it to the prison authorities for mailing to the court clerk. *See Houston v. Lack*, 487 U.S. 266, 270 (1988); *Douglas v. Noelle*, 567 F.3d 1103, 1108–09 (9th Cir. 2009) (mailbox rule articulated in *Houston* applies to civil rights actions). Therefore, Plaintiff's objections to the findings and recommendations were timely, and the Court should have considered Plaintiff's objections before adopting the findings and recommendations as unopposed. Accordingly, the Court has reconsidered its order in light of Plaintiff's objections,

---

[1] In the findings and recommendations, the Court refers to the complaint as (Doc. 8) instead of (Doc. 1). (*See* Doc. 10 at 4, Line 18.) This scrivener's error is immaterial to all rulings by the Court.

2

1  and the Court orders that Plaintiff's motion to vacate (Doc. 17) is DENIED.

2  **II.     DISCUSSION**

In his objections, Plaintiff argues that the complaint was signed on September 25, 2021, and is therefore the filing date of this case under the prisoner mailbox rule. (Doc. 17.) Moreover, Plaintiff advises that his claims were originally filed under *Lance Williams v. Corcoran State Prison, et al.*, Case No. 1:21-cv-01009-NONE-BAM (PC), and he requests that the Court take judicial notice of the initial pleading filed in that case, while he was still housed at Corcoran, rather than at the time of filing the second amended complaint.[2] (Doc. 17 at 2.)

In *Williams v. Corcoran State Prison*, the Court found that the original complaint satisfied the imminent danger exception of section 1915(g) at the time the complaint was filed based upon Plaintiff's allegations regarding the incident of June 6, 2021, involving Defendant J. Pederson, a corrections custody officer. (Case No. 1:21-cv-01009 (Doc. 9).)  Those allegations formed the basis for the Court's imminent danger finding, and the remaining claims were not properly joined under Rules 18 and 20 of the Federal Rules of Civil Procedure. (*Id.* at 4.) The Court advised Plaintiff: "Unrelated claims involving multiple defendants belong in different suits. If Plaintiff chooses to file an amended complaint, Plaintiff must choose which properly joined claims to pursue and may not bring unrelated claims in a single action. . . . Further, <u>Plaintiff may not join claims unrelated to the claim which satisfies the imminent danger exception to section 1915(g).</u>" (*Id.* at 5) (alteration in original). The Court emphasized: "**Plaintiff is further admonished that while Plaintiff is granted leave to amend, he is not permitted to join claims unrelated to the claim which satisfies the imminent danger exception to section 1915(g). The Court will not screen any such improperly joined claims.**" (*Id.* at 11) (alteration in original). Plaintiff lodged a second amended complaint on November 30, 2021. (*Id.*, Doc. 24.)

Plaintiff filed the instant action on December 16, 2021, based on one of the claims

---

[2] On February 24, 2022, Plaintiff's second amended complaint (Doc. 24) was stricken because it was unsigned and exceeded the page limit. (Doc. 27.) The Court ordered Plaintiff to file a signed second amended complaint that complies with the page limit. (*Id.*) The case was dismissed without prejudice for Plaintiff's failure to comply with this order and failure to prosecute. (Docs. 34, 36.)

3

dismissed from Case No. 1:21-cv-01009. (Doc. 1.) Based on the findings in that case, these claims did not satisfy the imminent danger exception when the original complaint was filed under the prison mailbox rule or when the first amended complaint was effectively filed. (Case No. 1:21-cv-01009, (Doc. 16).) Therefore, Plaintiff's filings in Case No. 1:21-cv-01009 do not establish imminent danger to overcome the three strikes bar.

In his objections, Plaintiff explains that "it was extraordinary circumstances his complaint was not filed while he was still at Corcoran in imminent danger." (Doc. 16 at 3.) However, Plaintiff's housing location at the time of filing is irrelevant to whether the allegations establish Plaintiff was under imminent danger at the time of filing. Instead, the magistrate judge correctly determined that the allegations in the complaint in this case fail to establish imminent danger as of the date of filing, December 16, 2021. (*See* Doc. 10 at 6, *F. & R. adopted* (Doc. 14).) Plaintiff's objections do not affect the Court's order of April 5, 2022, adopting the findings and recommendations, denying Plaintiff's motion to proceed IFP, and dismissing the case.

According to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and proper analysis. Thus, the Court **ORDERS** that Plaintiff's motion to vacate the Court's Order dated April 5, 2022, is **DENIED**.

IT IS SO ORDERED.

Dated:     **December 6, 2022**

UNITED STATES DISTRICT JUDGE

4